IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HENRY OKECHUKWU NZEKWE,  §   |   |   |
|     A23 558 309, § | | |
|         Petitioner, § | | |
| v. § | CIVIL ACTION NO. H-04-3833 | |
| §  | | |
| JOHN ASHCROFT, *et al.*, § | | |
|         Respondents. § | | |

OPINION AND ORDER OF DISMISSAL AND TRANSFER

Petitioner Henry Okechukwu Nzekwe challenges the lawfulness of a final order of removal, and his continued detention. (Docket Entries No.1, No.5). He also seeks to stay the removal pending judicial review. For the reasons to follow, the Court will dismiss the petition challenging his detention and transfer the pleadings challenging the final order of removal to the Fifth Circuit Court of Appeals.

Procedural History

Petitioner is a native and citizen of Nigeria and a permanent resident of the United States. He entered the United States in August of 1978 as an immigrant. Petitioner is single but has four children who are United States citizens. On March 23, 1983, petitioner was convicted in the Harris County Criminal Court at Law No.6 of unlawful carry of a weapon, specifically, a pistol, for which he received six months deferred adjudication probation. On December 2, 2003, petitioner was convicted in the 185th State District Court of Harris County of possession of less than 0.01 gram of crack cocaine, for which he was sentenced to six months confinement. Petitioner served three months in county jail. On December 25, 2003, the Department of Homeland Security (DHS) charged

petitioner with being removable under INA § 237(a)(2)(A)(iii) because he had been convicted of an aggravated felony as defined in Section101(a)(43)(B) of the Act, *i.e.*, illicit trafficking in a controlled substance, as defined in section 924(c) of Title 18, United States Code.  The DHS also charged him with being removable under section 237(a)(2)(C) if the INA because he had been convicted of carrying a weapon, *i.e.*, a firearm, as defined in Section 921(a) of Title 18, United States Code.  On January 21, 2004, the DHS lodged additional charges against petitioner pursuant to section 237(a)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i).  On February 18, 2004, an Immigration Judge (IJ) ordered petitioner removed.  On July 23, 2004, the Board of Immigration Appeals (BIA) affirmed the IJ's removal order.  Petitioner has been detained by the DHS since December 25, 2003, when he was released from the Harris County Jail on his drug offense.

Petitioner filed a petition pursuant to 28 U.S.C. § 2241, challenging his continued detention on the following grounds:

1. The DHS has detained him more than six months in contravention of 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001), and he is unlikely to be removed in the reasonably foreseeable future;

2. His continued detention violates petitioner's right to substantive due process through a deprivation of the core liberty interest in freedom from bodily restraint;

3. He has been denied the opportunity to demonstrate that he should not be denied in violation of the Due Process Clause of the Fifth Amendment.

He sought an order directing respondents to immediately release him from custody, and a preliminary and permanent injunction enjoining respondents from further detention.  (Docket Entry No.1).

He filed a second habeas petition pursuant to 28 U.S.C. § 2241, challenging the BIA's denial of his appeal and motion for reconsideration from the IJ's removal order on the ground that neither

the drug nor firearm offense constitute a felony that would subject petitioner to removal under federal law. Petitioner sought a stay of removal and an order precluding respondent's from removing petitioner from the United States. (Docket Entry No.5); *see Nzekwe v. Ashcroft*, Civil Action No.04-CV-3884 (S.D. Tex.). The Court ordered Civil Action No.04-CV-3884 consolidated into the present case. (Docket Entry No.4).

The Court takes judicial notice that petitioner was deported from the United States on December 18, 2004. *See Nzekwe v. Houston Police Department*, Civil Action No.04-CV-3133 (S.D. Tex.) (Docket Entry No.10).

<u>Review of Final Removal Order</u>

Petitioner contends the BIA erred in denying reconsideration of his appeal of the IJ's order of removal by finding that his drug conviction was an aggravated felony as defined by INA § 101(a). This Court is without jurisdiction to review a final order against an alien, like petitioner, who is removable by reason of having committed a criminal offense under 8 U.S.C. 1227(a)(2)(A). 8 U.S.C. § 1252(a)(2)(C). Moreover, to the extent that petitioner is requesting that this Court order a stay of deportation, he is requesting relief from a decision or action to execute a deportation order and this Court is without jurisdiction to consider the request. 8 U.S.C. § 1252(g); *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999).

On May 11, 2005, the Real ID Act of 2005 was signed into law as Division B of the Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005. Pub. L. No.109-13, § 106(c), 119 Stat. 231 (2005). Title I, Section 106(c) of the Act amended 8 U.S.C. § 1252, with respect to judicial review of orders of removal. Section 1252, as amended, requires this Court to transfer an alien's challenge to a removal order brought under 28

U.S.C. § 2241 to the court of appeals for the circuit in which a petition for review could have been properly filed. §106(c), 119 Stat. at 311. Accordingly, petitioner's challenge to the final removal order (Docket Entries No.5, No.6) and his motions with respect to the removal order (Docket Entries No.9, No.10, No.12) will be transferred to the Fifth Circuit Court of Appeals.

## Legality of Detention

Petitioner was deported on December 18, 2004. Therefore, his challenge to the legality of his detention is moot. Accordingly, the Court will deny petitioner relief on this claim.

## Conclusion

1. Petitioner's applications to proceed *in forma pauperis* (Docket Entries No.3, No.7, No.11) are DENIED, as moot. Petitioner paid the $5.00 filing fee.

2. Petitioner's motion for the appointment of counsel (Docket Entry No.8) is DENIED, as moot.

3. The Clerk of the Court shall TRANSFER petitioner's petition (Docket Entry No.5), the motion to reconsider and legal memorandum (Docket Entry No.6), the motions for a temporary restraining order to stay deportation (Docket Entries No.10, No.12), and the emergency motion for stay of deportation (Docket Entry No.9) to the Fifth Circuit Court of Appeals.

4. Petitioner's petition challenging the legality of his detention (Docket Entry No.1) is DENIED and this case is DISMISSED with prejudice.

The Clerk will provide a copy to the parties.

Signed at Houston, Texas, this 7th day of June, 2005.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE